IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EASTERN CARPET HOUSE, INC., MOHAMMAD Z. TIPU, HOUMAIRA ZUBAIR, TALHA ZUBAIR, and HAFSA ZUBAIR,<br>*Plaintiffs*<br>v.<br>DEPARTMENT OF HOMELAND SECURITY through its secretary, MICHAEL CHERTOFF, EDUARDO AGUIRRE, DIRECTOR, UNITED STATES CITIZENSHIP and IMMIGRATION SERVICES and EVELYN UPCHURCH, DIRECTOR, TEXAS SERVICES CENTER<br>*Defendants* | CIVIL ACTION NO. H-05-1606 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' motion to dismiss for a lack of subject matter jurisdiction or, alternatively, for summary judgment (Instrument No. 7) and Plaintiffs' motion for summary judgment (Instrument No. 16). For the following reasons the court **ORDERS** that Defendants' motion is **GRANTED**. Plaintiffs' motion is **DENIED**.

## I. RELEVANT FACTS

Sonsy International ("Sonsy") is a Pakistani company in the business of exporting carpets and other handicrafts. It does business in the United States through a Texas corporation named Eastern Carpet House Inc. ("ECH"). Mohammad Z. Tipu ("Tipu"), a Pakistani, is a joint owner of both companies. On 6 December 2001, the Texas Service Center ("TSC") of United States Citizenship and Immigration Services ("USCIS") granted ECH's petition to have Tipu classified as an L-1 intracompany transferee. Tipu's wife, Humaira Zubair, and children, Talha and Hafsa Zubair, were granted derivative L-2 visas.

A year later, ECH filed a petition with the TSC to extend Tipu's L-1 nonimmigrant visa. On 30 May 2003, the petition was denied. ECH appealed the denial to the Administrative

Appeals Office ("AAO") which summarily affirmed the TSC's decision. *See* Decision of the Administrative Appeals Office (Gov. Ex. 1 at 1-3).

After the AAO's denial of their administrative appeal, Plaintiffs filed the instant suit against Defendants Michael Chertoff as Secretary of Homeland Security, Eduardo Aguirre as Director of Citizenship and Immigration Services, and Evelyn Upchurch as Director of the Texas Service Center (collectively "the Government"). This lawsuit charges the Government with violating the Administrative Procedures Act ("APA"), 5 U.S.C. § 706 *et. seq.*, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.* Plaintiffs seek an order setting aside the TSC's decision and awarding Tipu an extension of his L-1 visa. Plaintiffs also seek an order requiring the Government to immediately act on their FOIA request.

## III. ANALYSIS

### A. District Court Subject Matter Jurisdiction.

Jurisdiction is a threshold issue to be determined by the court before looking at the substance of the parties' claims. Whether Federal Courts have jurisdiction to review denials of visa petitions is an open question in this circuit.

Historically courts reviewed denials of visa petitions under § 279 of the Immigration and Nationality Act ("INA"). Beginning in 1996 Congress acted to curtail that jurisdiction by passing the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") in 1996, the Intelligence Reform and Terrorism Prevention Act ("IRTPA") in 2004, and the REAL ID Act in 2005. These three acts amended the INA in several important respects. First, § 279 was amended to provide that "[N]othing in this section shall be construed as providing jurisdiction for suits against the United States or its agencies or officers." 8 U.S.C. § 1329. Second, INA § 242 was amended to provide as follows:

> (B) Denials of discretionary relief. Notwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
> (i) any judgment regarding the granting of relief under section 212(h), 212(i), 240A,    240B, or 245 [8 USCS §§ 1182(h), 1182(i), 1229b, 1229c, or 1255], or

2

> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 USCS §§ 1151 et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a) [8 USCS § 1158(a)].

8 U.S.C. 1252 (a)(2)(B). Finally, 8 U.S.C. § 1252(a)(5) states that

> "For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision, sections 1361 and 1651 of such title [28 USCS §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory)."

8 U.S.C. 1252(a)(5).

Courts are split on what effect these amendments have had on the scope of judicial review of denials of visa petitions. *See e.g. Ana Int'l v. Way*, 393 F.3d 886 (9th Cir. 2004) (court retains jurisdiction to review Attorney General's decision to revoke a nonimmigrant visa under INA § 205, 8 U.S.C. 1155); *CDI Info. Servs. v. Reno*, 278 F.3d 616 (6th Cir. 2002) (court lacks jurisdiction to review denial of a nonimmigrant visa extension under INA § 214, 8 U.S.C. § 1184); *Blacher v. Ridge*, 04cv8004, 2006 U.S. Dist. LEXIS 7837 (S.D.N.Y. February 23, 2006) (court lacks jurisdiction to review denial of nonimmigrant visa petition under INA § 214, 8 U.S.C. § 1184); *Shine's Ranch Corp. v. Ridge*, 04cv2371, 2005 U.S. Dist. LEXIS 16489 (N.D. Tex. August 10, 2005) (court has jurisdiction to review denial of visa petition under INA § 214, 8 U.S.C. § 1184).

In *Zhao v. Gonzales*, 404 F.3d 295 (5th Cir. 2005), the Court of Appeals held that 8 U.S.C. § 1252(a)(2)(B)(ii) does not preempt judicial review of the denial of a motion to reopen under 8 U.S.C. § 1229a(c)(6). The Court reached this holding after considering the statutory language of both provisions. First, § 1252(a)(2)(B)(ii) only proscribes review of decisions "the authority for which is *specified under this title* . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." *Id.* at 303 (quoting 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis

added)). Second, § 1229a(c)(6), the provision governing motions to reopen, does not furnish any level of deference, instead seting forth "the standards for evaluating a motion to reopen." *Id.* Given that Congress was specific in limiting the reach of § 1252(a)(2)(B)(ii) to decisions "the authority for which is *specified under this title* . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security," the Court found that it was free to review the denial of petitioner's motion to reopen under § 1229a(c)(6) because the section did not contain discretionary language. *Id.*

This case poses a different problem.  Here, the statute in question, 8 U.S.C. § 1184, provides that "[T]he admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe."  By including the permissive "may" this section affords the Attorney General discretion to decide who may be admitted to the country as a nonimmigrant and under what conditions such admission may occur. This greater power includes the lesser power of denying a petition to extend a nonimmigrant's visa status.  It therefore falls within the scope of § 1252(a)(2)(B)(ii)'s jurisdiction stripping power.

In their response, Plaintiffs argue, based on *Zhao*, that the court retains jurisdiction to review the denial of ECH's petition because "there is no **statutory** provision that **specifically** states that Defendants have **discretion** to deny a properly filed application for **extension** of L-1 status." Plaintiffs' Resp. at 5 (emphasis in original).  The court does not read *Zhao* as requiring the magic word "discretion" to appear for the jurisdiction stripping statute to apply.  This is evidenced by the other discretionary provisions cited in § 1252(a)(2)(B)(ii). Both INA § 240A and § 240B, which use the term "may," are treated by § 1252(a)(2)(B) as conferring discretion and therefore not subject to judicial review.

Plaintiffs also argue that the court has jurisdiction to review the TSC's decision because it violated the Code of Federal Regulations and "no provision of the Immigration and Nationality Act [gives] Defendants discretion to ignore the plain language of a regulation."

4

Plaintiffs' Resp. at 6.  This argument puts the cart before the horse.  The jurisdiction stripping statute tells courts to look at the statutory text and determine whether it grants the Attorney General discretion.  If it does, the case must be dismissed for lack of jurisdiction.

Also pending before the court are cross motions for summary judgment on Plaintiffs' FOIA claim.  Attached to the Government's motion is an affidavit from T. Diane Cejka, Director of the National Records Center. Cejka Affidavit (Ex. 1 to Defendants. Mot. for Summ. J.).  The affidavit recounts what the Government has done to collect the requested documents, explains that the standard operating procedure at the National Records Center is to process requests on a first-in / first-out basis, and states that, as of 2 August 2005, Plaintiffs' request was number 12, 814 in a processing queue of 51,183 pending FOIA requests. *Id.* at 1-3.

After reviewing the affidavit, the court concludes that the Government has shown due diligence processing Plaintiffs' request and exceptional circumstances justifying its delay. *See Morrow v. FBI*, 2 F.3d 642, 644 (5th Cir. 1993) ("an agency exhibits due diligence when it assigns all FOIA requests on an 'first-in, first-out basis'") (citing *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976)).  This finding entitles the Government to summary judgment.

## IV.  CONCLUSION

For the aforementioned reasons, the court **ORDERS** that Defendants' motion is **GRANTED**.  Plaintiffs' motion for summary judgment is **DENIED**.

SIGNED at Houston, Texas, this 5th day of May, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE